**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ALBERTO ROMERO QUISPE** | **CIVIL CASE NO. 26-346 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **BRIAN ACUNA, ET AL.** | **MAGISTRATE JUDGE AYO** |

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 8) filed by Alberto Romero Quispe ("Petitioner"). Having carefully considered Petitioner's submissions and the applicable law, the Motion is **DENIED**.

To obtain a TRO or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunctive relief is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the relief will not disserve the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order."). Elements three and four merge "when the Government is the opposing

party." *Nken v. Holder*, 556 U.S. 418, 435-36 (2009). The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four elements. *Ocean Sky Int'l, LLC v. LIMU Co., LLC*, No. 18-0528, 2019 WL 4724803 at *5 (W.D. La. 09/26/2019) .

Petitioner's motion seeks relief in the form of the Court ordering Respondents to provide adequate medical care in immigration detention or ordering Petitioner's immediate release so that he can receive outside medical care. ECF No. 8 at 2. Because Petitioner is not entitled to release due to his medical issues, Petitioner's motion fails to satisfy the first element required for the Court to grant injunctive relief.

Habeas "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Rather, "if a favorable determination … would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit" instead. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). As relevant here, "[u]nconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release." *Ahmed v. Warden*, No. 1:24-CV-01110, 2024 WL 5104545, at *1 (W.D. La. Sept. 25, 2024), *report and recommendation adopted*, 2024 WL 5495437 (W.D. La. Dec. 11, 2024) (citations omitted); *see also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[W]e also conclude that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."); *Sarres Mendoza v. Barr*, No. CV H-18-3012, 2019 WL

1227494, at *2 (S.D. Tex. Mar. 15, 2019) ("Claims concerning a prisoner's conditions of confinement may not be brought in a habeas corpus proceeding, and are actionable, if at all, in a civil rights action."). "Nor do allegations of mistreatment that amount to cruel and unusual punishment nullify an otherwise lawful detention." *Ahmed*, 2024 WL 5104545, at *1 (citations omitted).

Applying the above precedents, because Petitioner's motion seeks release account of his severe pain in his knee, and subsequent lack of care and attention at Richwood Correctional Center, and not on the basis that ICE is without legal authority to continue detaining him, Petitioner's claim is not cognizable in the habeas context. *See id*. As such, Petitioner has not shown a substantial likelihood of success on the merits.

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 8) is **DENIED**.

**THUS DONE AND SIGNED** this 19th day of February, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**