UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ALBERTO ROMERO QUISPE**                    **CIVIL ACTION NO. 3:26-CV-00346 SEC P**

**VERSUS**                                                            **JUDGE EDWARDS**

**WARDEN ET AL**                                           **MAGISTRATE JUDGE DAVID J. AYO**

### REPORT AND RECOMMENDATION

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by Petitioner Alberto Romero Quispe ("Quispe"). At the time of filing, Quispe was detained at Richwood Correctional Center in Monroe, Louisiana. [Doc. 1 at 4]. He seeks release from pre-removal order detention. [Doc. 1 at 2].

Because Quispe is no longer detained, the PETITION should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### I.    Background

Quispe is a native and citizen of El Salvador. [Doc. 1 at 12]. According to the Executive Office for Immigration Review Automated Case Information System, Quispe was granted voluntary departure on March 18, 2026.[1] The Online Detainee Locator System indicates that Quispe is no longer detained.[2] Court staff has verified the accuracy of the online information.

### II.    Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties

---

[1] https://acis.eoir.justice.gov/en/caseInformation
[2] https://locator.ice.gov/odls/#/search

1

lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be dismissed for lack of jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Id.*

Quispe is no longer detained, so the Court cannot grant the relief requested in the PETITION.  Therefore, the case is moot.

### III.    Conclusion

Because Quispe's claim is moot, IT IS RECOMMENDED that the PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 29th day of May, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE